# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BKGTH PRODUCTIONS LLC,**

      Plaintiff,

   v.                          Case No. 13-CV-667

**JOHN DOES 1-14,**

      Defendants.

## ORDER

On June 12, 2013, the plaintiff filed the present action against 14 John Doe defendants, each identified only by his/her internet protocol ("IP") address, who allegedly unlawfully downloaded the copyrighted motion picture *Bad Kids Go to Hell*. (Docket No. 1.) The action was randomly assigned to this court, and following the plaintiff consenting to the full jurisdiction of a magistrate judge, the court granted the plaintiff's motion for expedited discovery. (Docket No. 4.) Discovery was necessary to enable the plaintiff to learn the true identities of the John Doe defendants. (See Docket No. 4.)

Currently before the court are "objections" from certain of those John Doe defendants. (Docket Nos. 8, 9, 11, 13.) None of these objecting John Does is identified by name, although two have provided their IP address, 66.190.36.115, (Docket No. 9), 68.117.2.59, (Docket No. 11), and one is represented by counsel, (Docket No. 8).

66.190.36.115 states: "I object to the release of my personal information and personal records relating to my IP address. I object to anyone using my IP address to access information about me." (Docket No. 9.)

68.117.2.59 states: "I'm objecting to the release of my information." (Docket No. 11.)

Another objector who does not identify his/her IP address has retained counsel, states, in relevant part, "John Doe's objection for the disclosure is that John Doe never downloaded any movie, and John Doe's source for connecting to the internet is by wireless, that can be used by many parties." (Docket No. 8.)

A final objector submitted only an anonymous letter stating, "In regards to case number 13-C-667 we are requesting that we not be included in the civil suit." (Docket No. 13.)

Even liberally construing these objections as motions to quash a subpoena, none of these objections is proper. For example, if a request to not be included in a civil suit, (Docket No. 13), was sufficient to thwart a subpoena, undoubtedly nearly every defendant would similarly request to not be included. This is simply not the law. Similarly, the John Doe holding IP address 68.117.2.59 offers nothing but an empty blanket objection. Without a basis, an objection is meritless.

The John Doe who is represented by counsel objects on the basis he did not download a movie as alleged. But this is a defense to the merits of the action and not a basis to quash a subpoena. See Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.").

The John Doe coming closest to offering a meritorious argument in support of his objection is the John Doe with respect to IP address 66.190.36.115, whose argument might be

2

construed as coming under the broad heading of privacy. However, "courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers." Id. at 216 (citing cases). Accordingly, a purported privacy interest in information held by an internet service provider is not an appropriate basis to quash a subpoena seeking such information.

**IT IS THEREFORE ORDERED** that the "objections" of the John Doe defendants, (Docket Nos. 8, 9, 11, 13), are overruled. To the extent that any of these filings may be construed as a motion to quash a subpoena, the motion is denied.

Dated at Milwaukee, Wisconsin this 12th day of August, 2013.

_____
AARON E. GOODSTEIN
U.S. Magistrate Judge